# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| **DONALD W. BLANKENSHIP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:12-00598** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. By Standing Order entered February 28, 2012 (Document No. 2.), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Neither party has filed briefs in the matter.

The Plaintiff, Donald W. Blankenship, (hereinafter referred to as "Claimant"), filed an application for DIB on April 22, 2008, (protective filing date), alleging disability as of February 5, 2006, due to a "nervous condition and problems with left leg." (Tr. at 12, 153-55, 181.) Claimant further alleged that he was unable to walk due to problems with his leg and back (Tr. at 181.) The claim was denied initially and upon reconsideration. (Tr. at 97-101, 110-12.) On March 19, 2009, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 114-16.) The hearing was held on August 31, 2010, before the Honorable Karen B. Peters. (Tr. at 41-82.)  By decision dated December 17, 2010, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 12-32.) The ALJ's decision became the final decision of the Commissioner on January 19,

2012, when the Appeals Council denied Claimant's request for review. (Tr. at 1-5.) Claimant filed the present action seeking judicial review of the administrative decision on February 28, 2012, pursuant to 42 U.S.C. § 405(g). (Document No. 1.)

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2010). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.

20 C.F.R. §§ 404.1520(f), 416.920(f) (2010). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

When a claimant alleges a mental impairment, the Social Security Administration "must follow a special technique at every level in the administrative review process." 20 C.F.R. §§ 404.1520a(a) and 416.920a(a). First, the SSA evaluates the claimant's pertinent symptoms, signs and laboratory findings to determine whether the claimant has a medically determinable mental impairment and documents its findings if the claimant is determined to have such an impairment. Second, the SSA rates and documents the degree of functional limitation resulting from the impairment according to criteria as specified in 20 C.F.R. §§ 404.1520a(c) and 416.920a(c). Those sections provide as follows:

> *(c) Rating the degree of functional limitation.* (1)Assessment of functional limitations is a complex and highly individualized process that requires us to consider multiple issues and all relevant evidence to obtain a longitudinal picture of your overall degree of functional limitation. We will consider all relevant and available clinical signs and laboratory findings, the effects of your symptoms, and how your functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication and other treatment.
> (2) We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function. See 12.00C through 12.00H of the Listing of Impairments in appendix 1 to this subpart for more information about the factors we consider when we rate the degree of your functional limitation.
> (3) We have identified four broad functional areas in which we will rate the degree of your functional limitation: Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. See 12.00C of the Listings of Impairments.
> (4) When we rate the degree of limitation in the first three functional areas (activities of daily living, social functioning; and concentration, persistence, or pace), we will use the following five-point scale: None, mild, moderate, marked, and

extreme. When we rate the degree of limitation in the fourth functional area (episodes of decompensation), we will use the following four-point scale: None, one or two, three, four or more. The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity.

Third, after rating the degree of functional limitation from the claimant's impairment(s), the SSA determines their severity. A rating of "none" or "mild" in the first three functional areas (activities of daily living, social functioning; and concentration, persistence, or pace) and "none" in the fourth (episodes of decompensation) will yield a finding that the impairment(s) is/are not severe unless evidence indicates more than minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520a(d)(1) and 416.920a(d)(1).[1] Fourth, if the claimant's impairment(s) is/are deemed severe, the SSA compares the medical findings about the severe impairment(s) and the rating and degree and functional limitation to the criteria of the appropriate listed mental disorder to determine if the severe impairment(s) meet or are equal to a listed mental disorder. 20 C.F.R. §§ 404.1520a(d)(2) and 416.920a(d)(2). Finally, if the SSA finds that the claimant has a severe mental impairment(s) which neither meets nor equals a listed mental disorder, the SSA assesses the Claimant's residual functional capacity. 20 C.F.R. §§ 404.1520a(d)(3) and 416.920a(d)(3). The Regulation further specifies how the findings and conclusion reached in applying the technique must

---

[1] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04, provides that affective disorders, including depression, will be deemed severe when (A) there is medically documented continuous or intermittent persistence of specified symptoms and (B) they result in two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence or pace; or repeated episodes of decompensation , each of extended duration or (C) there is a medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities with symptoms currently attenuated by medication or psychosocial support and (1) repeated extended episodes of decompensation; (2) a residual disease process resulting in such marginal adjustment that a minimal increase in mental demands or change in the environment would cause decompensation; or (3) a current history of 1 or more years' inability to function outside a highly supportive living arrangement, and the indication of a continued need for such an arrangement.

be documented at the ALJ and Appeals Council levels as follows:

> At the administrative law judge hearing and the Appeals Council levels, the written decision issued by the administrative law judge and the Appeals Council must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. §§ 404.1520a(e)(2) and 416.920a(e)(2).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the application date, April 22, 2008. (Tr. at 14, Finding No. 1.) Under the second inquiry, the ALJ found that Claimant suffered from Hepatitis C, liver disorder, pancreatitis, back pain, degenerative disc disease, alcoholism, and polysubstance abuse including crystal methamphetamine abuse, which were severe impairments. (Tr. at 14, Finding No. 2, and Finding No. 10 at 25.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 25, Finding No. 11.) The ALJ then found that Claimant had a residual functional capacity ("RFC") to perform light level work as follows:

> If the [C]laimant stopped the substance use, the [C]laimant would have the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he would be capable of lifting/carrying 10 pounds frequently and 20 pounds occasionally; standing/walking for 6 hours in a normal 8 hour work day; sitting for 6 hours in a normal 8 hour work day; the [C]laimant would be capable of occasionally climbing ramps and stairs, balancing, kneeling, crawling, crouching, and stooping; would require work that allows the worker to avoid hazardous machinery, unprotected heights, climbing ladders, ropes, or scaffolds, or on vibrating surfaces; and the [C]laimant would require work that involves only occasional interaction with the general public and would require work that is limited to simple, routine, repetitive, and unskilled work tasks with no interaction with the general public and only superficial interaction with others.

(Tr. at 27, Finding No. 12.) At step four, the ALJ found that Claimant could not return to his past

5

relevant work. (Tr. at 30, Finding No. 13.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ concluded that Claimant could perform jobs such as a general/business mail clerk, merchandise worker, and product assembler, at the light level of exertion. (Tr. at 31, Finding No. 15.) On this basis, benefits were denied. (Tr. at 31-32, Finding No. 16.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on January 27, 1967, and was 43 years old at the time of the administrative hearing, August 31, 2010. (Tr. at 23, 48, 153.) Claimant had a ninth grade, or limited, education and was able to communicate in English. (Tr. at 24, 48, 187.) In the past, he worked as

an equipment repair person, tree trimmer, and roofer. (Tr. at 23-24, 49, 78, 182-83, 189-92.)

The Medical Record

The Court has reviewed all the evidence of record, including the medical evidence of record, and will discuss it below as it relates to the undersigned's findings and recommendation.

Claimant's Challenges to the Commissioner's Decision

Neither the Commissioner nor the Claimant filed briefs in this matter, and Claimant's Complaint fails to set forth any specific claims. Similarly, on his form "Request for Review of Hearing Decision/Order," Claimant did not state the bases upon which he requested that the Appeals Council review the ALJ's decision. (Tr. at 7-8.) The undersigned notes that Claimant was represented by counsel at all levels of review, including this appeal. As Claimant has not raised any specific arguments at this level of review, the undersigned additionally has reviewed the entire record to see if it comports with the substantial evidence standard.

Analysis.

The ALJ found that Claimant's Hepatitis C, liver disorder, pancreatitis, back pain, degenerative disc disease, alcoholism, and polysubstance abuse including crystal methamphetamine abuse, were severe impairments. (Tr. at 14, 25.) In assessing Claimant's residual functional capacity, the ALJ noted that Claimant's credibility was "sharply diminished due to his varying tales of symptoms, chronic alcohol abuse, and polysubstance abuse and use." (Tr. at 25.) Regarding his mental abilities, the ALJ found that his ability to maintain activities of daily living, social functioning, concentration, persistence, and pace were mildly limited by his impairments. (Tr. at 25-26.) She found that he had experienced no episodes of decompensation of extended duration. (Tr. at 26.) Due to Claimant's mental impairments, the ALJ limited him to work that involved only occasional interaction with the general public and superficial interaction with others and work that

7

was limited to simple, routine, repetitive, and unskilled tasks. (Tr. at 27.) Regarding Claimant's physical impairments, the ALJ limited him to performing light work with postural and environmental limitations. (Tr. at 27.) In reaching this decision, the ALJ reviewed all the medical evidence of record and explained her assignment of weight to the various opinions. (Tr. at 25-30.) The ALJ gave little weight to the opinion of Dr. Robertson, Claimant's treating physician due to a lack of support or rationale. (Tr. at 29-30.) She gave greater weight to the opinion evidence by the State agency as the opinions generally were consistent with the medical record and clinical findings. (Id.)

The ALJ further conducted a thorough review of Claimant's alcoholism and polysubstance abuse and use, and determined that the disorders were contributing factors material to the determination of disability, pursuant to 20 C.F.R. § 416.935. (Tr. at 31-32.) The Social Security Act provides that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). To determine whether the substance abuse is a material contributing factor, the Regulations require the Commissioner first to determine whether the claimant is disabled, and if so, whether the substance abuse is a contributing factor material to the claimant's disability. 20 C.F.R. § 416.935(a) (2010). Drug addiction or alcoholism is a contributing factor material to the determination of disability if the claimant would not be disabled if he stopped using drugs or alcohol. 20 C.F.R. § 416.935(b) (2010).

The ALJ very thoroughly worked through the two-step analysis. She first determined that Claimant was disabled, and then determined that if he stopped using alcohol and drugs, he would not be disabled. Accordingly, the ALJ properly determined that Claimant's alcoholism and

8

substance use and abuse was a contributing factor material to the determination of disability, and therefore, that Claimant was not disabled.

The ALJ additionally thoroughly reviewed all of the medical evidence of record and considered the testimony of Claimant. (Tr. at 16-23, 24-30.) The ALJ also complied with the applicable Regulations and case law in determining that Claimant did not have an impairment or combination of impairments that met or medically equaled a listed impairment, that Claimant was not entirely credible regarding the severity of his pain and other symptoms, and that Claimant was limited to light work with certain limitations, and could perform a significant number of jobs in the national economy despite his severe impairments.

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **AFFIRM** the final decision of the Commissioner, and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Senior Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

Date: February 28, 2013.

R. Clarke VanDervort
United States Magistrate Judge